UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON M. HICKS,<br><br>                Petitioner,<br>    v.<br>RENEE BAKER, et al.,<br><br>                Respondents. | Case No. 3:15-cv-00215-MMD-WGC<br><br>ORDER |

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. no. 2.) The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the Court will serve the petition upon respondents for a response.

Petitioner has filed a motion for appointment of counsel. (Dkt. no. 4.) Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt,* 718 F.2d at 954. After reviewing the petition, the Court finds that appointment of counsel is not warranted.

1  It is therefore ordered that the motion for appointment of counsel (dkt. no. 4) is denied.

It is further ordered that the Clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve upon respondents a copy of the petition (dkt. no. 2) and this order. In addition, the Clerk shall return to petitioner a copy of the petition.

It is further ordered that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

It is further ordered that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Las Vegas.

It is further ordered that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The Court may disregard any paper received by a district judge or

///

///

magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED THIS 26th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE