UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON M. HICKS,<br><br>　　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:15-cv-00215-MMD-WGC<br><br>ORDER |

Before the Court are the petition for a writ of habeas corpus (ECF No. 2), respondents' motion to dismiss (ECF No. 15), petitioner's opposition (ECF No. 22), and respondents' reply (ECF No. 23). The Court finds that petitioner has not exhausted parts of two grounds for relief, and the Court grants the motion in part.

Under a plea agreement, petitioner was convicted of one count of sexual assault. Exh. 34 (ECF No. 17-1). Petitioner did not appeal. Petitioner did file in the state district court a post-conviction petition for a writ of habeas corpus. Exh. 37 (ECF No. 17-4). The state district court appointed counsel, who filed a supplement. Exh. 46 (ECF No. 17-13). The state district court held an evidentiary hearing. Exh. 57 (ECF No. 17-24). The state district court then denied the petition. Exh. 65 (ECF No. 18). Petitioner appealed, and he filed an opening brief. Exh. 80 (ECF No. 18-15). The Nevada Court of Appeals affirmed the denial. Exh. 88 (ECF No. 18-23). Petitioner petitioned the Nevada Supreme Court for final review. Exh. 89 (ECF No. 18-24). The Nevada Supreme Court denied the petition. Exh. 95 (ECF No. 18-30).

Petitioner then commenced this action. As written, the petition (ECF No. 2) contains three grounds for relief. Respondents have divided ground 1 into four claims,

designated 1A through 1D. Respondents have divided ground 2 into seven claims, designated grounds 2A through 2G. Petitioner objects to this division, but the Court agrees with respondents and adopts their division of grounds 1 and 2. Grounds 1 and 2 each contain multiple legal theories and multiple operative facts, and the Court must consider them individually.

Respondents first argue that grounds 1A, 1C, and 2A through 2D are not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Grounds 1A and 1C concern comments by the sentencing judge in the judgment of conviction:

> The Defendant accepts no responsibility and feels no remorse for sexually assaulting two young women. Several months ago I sentenced him on a gross misdemeanor for threatening to shoot a police officer in the head.

2

> The Defendant is dangerous. He should serve at least 20 years before he is paroled.

Exh. 34, at 2 (ECF No. 17-1, at 3).  In ground 1A, petitioner alleges:

> The sentencing Judge tried to extend the defendants mandatory prison sentence, by using improper language that would double the minimum sentence of 10 years to 20 yrs. . . . NRS 176.105 does not provide for a sentencing judge to include extra language.

Petition, at 3 (ECF No. 2, at 3). Petitioner does not specify what part of the federal constitution is violated by the judge's comments; he alleges generally Articles I, II, and III. Regardless, petitioner presented this claim on appeal from the denial of his state habeas corpus petition solely as an issue of state statutory and constitutional law. He did not allege that any federal law was violated. *See* Exh. 80, at 12-15 (ECF No. 18-15, at 21-24). Ground 1A is not exhausted.

In ground 1C, petitioner alleges:

> The surplussage of language is also improper because it violates the 8th Amendment of the U.S. Const. of cruel & unusual punishment. There is a mandatory sentence for sexual assault. Trying to increase the mandatory sentence by any language is cruel and unusual. It is a direct violation of the defendants 8th Amendment right to protection from cruel and unusual punishment. (note defendant was 17 while part of the crimes alleged were committed)

Petition, at 3 (ECF No. 2, at 3). Petitioner did mention the Eighth Amendment in ground 2 of the legal argument of his supplement to his state habeas corpus petition. Exh. 46, at 10-11 (ECF No. 17-13, at 11-12). However, petitioner did not present the Eighth Amendment as a legal issue on appeal from the denial of the petition. *See* Exh. 80 (ECF No. 18-15). Ground 1C is not exhausted.

Grounds 2A through 2D are four claims of ineffective assistance of counsel. They are:

> 2A.  Trial counsel failed to investigate and locate witnesses;
> 2B.  Trial counsel failed to obtain pretrial physiological and psychological examinations of victim SV;
> 2C.  Trial counsel failed to file a motion to suppress hearsay evidence; and
> 2D.  Trial counsel failed to file a motion about prior sexual conduct of the victims.

3

See Petition, at 5 (ECF No. 2, at 6). Petitioner did raise these claims in ground 1 of his proper-person state habeas corpus petition. Exh. 37 (ECF No. 17-4, at 6, 13-16). Petitioner argues that he presented these claims to the Nevada Supreme Court in part I of his argument on appeal from the denial of the state habeas corpus petition. See Exh. 80, at 10-12 (ECF No. 18-15, at 19-21). That part is titled:

> The district court abused its discretion when it held that trial counsel was effective under the 6th & 14th Amendments.

Exh. 80, at 10 (ECF No. 18-15, at 19). The title of part I also is the full extent of petitioner's argument in part I. The body of part I contains only the legal standards of a claim of ineffective assistance of counsel, without any allegations of fact or applications of fact to the law. Petitioner needed to raise all of his claims of ineffective assistance of counsel in the body of the brief itself, without hoping that the reviewing court would refer elsewhere in the record to determine what those claims were. See Baldwin v. Reese, 541 U.S. 27, 32 (2004); Castillo v. McFadden, 399 F.3d 993, 999-1000 (9th Cir. 2005). Grounds 2A through 2D are not exhausted.

Respondents argue that grounds 1A and 1B fail to state violations of federal law, and thus this court cannot grant petitioner any relief on the claims. See 28 U.S.C. § 2254(a). The argument is moot with respect to ground 1A, which the court already has determined is not exhausted. Ground 1B is a claim that the trial judge's comments in the judgment of conviction violate the doctrine of the separation of powers. Respondents' argument that the separation of powers doctrine has not been extended to the states is a question that the Court can determine on the merits under 28 U.S.C. § 2254(d), if necessary.

Respondents argue that grounds 1D and 2A through 2D are conclusory. The argument is moot with respect to grounds 2A through 2D, which the Court already has determined are not exhausted. Ground 1D is a claim that the trial court relied improperly upon a substance-abuse evaluation that was prepared for another case, in sentencing petitioner on this case. Petitioner raised this argument on appeal from the denial of his

4

state habeas corpus petition. Exh. 80, at 22-24 (ECF No. 18-15, at 31-33). The Nevada Court of Appeals addressed the argument in the context of a claim of ineffective assistance of counsel. Exh. 88, at 2-3 (ECF No. 18-23, at 3-4). The Court has sufficient information to determine this ground on the merits under 28 U.S.C. § 2254(d), if necessary.

The petition (ECF No. 2) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 1A, 1C, 2A, 2B, 2C, and 2D and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1A, 1C, 2A, 2B, 2C, and 2D, or he may move to stay this action while he returns to state court to exhaust grounds 1A, 1C, 2A, 2B, 2C, and 2D. If petitioner chooses the second option, the Court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the Court declines to stay the action. Otherwise, the Court will dismiss the action.

It is therefore ordered that respondents' motion to dismiss (ECF No. 15) is granted in part with respect to grounds 1A, 1C, 2A, 2B, 2C, and 2D.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this Court in a sworn declaration that he wishes to dismiss grounds 1A, 1C, 2A, 2B, 2C, and 2D of his petition (ECF No. 2), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his petition (ECF No. 2) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1A, 1C, 2A, 2B,

2C, and 2D of his petition (ECF No. 2), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1A, 1C, 2A, 2B, 2C, and 2D of his petition (ECF No. 2). Failure to comply will result in the dismissal of this action.

It is further ordered that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 2) and proceed on the remaining grounds, respondents MUST file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner will have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED THIS 11th day of August 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE