UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANDON M. HICKS, <br> Petitioner, <br> v. <br> RENEE BAKER, *et al.,* <br> Defendants. | Case No. 3:15-cv-00215-MMD-WGC <br><br> ORDER |

The Court found that petitioner had not exhausted his state-court remedies for parts of grounds 1 and 2. (ECF No. 26.) The Court directed petitioner to decide what he wanted to do with those unexhausted claims. Now before the Court are petitioner's motion to stay and hold in abeyance (ECF No. 29), his motion to amend the motion to stay and hold in abeyance (ECF No. 30), respondents' opposition (ECF No. 31), and petitioner's reply (ECF No. 32). Petitioner has not shown good cause for a stay, and the Court denies his motion.

To obtain a stay of this action while petitioner returns to state court, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner argues that the ineffective assistance of post-conviction counsel is good cause for the failure to exhaust. The standard for good cause due to ineffective assistance of post-conviction counsel to obtain a stay is no more demanding than the standard of ineffective assistance of post-

conviction counsel to excuse the procedural default of a claim of ineffective assistance of trial counsel. *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir. 2014).

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

The unexhausted claims in ground 1 are not claims of ineffective assistance of trial counsel. They are claims that the state district court judge violated petitioner's constitutional rights when he recommended that petitioner should spend at least 20 years in prison before being paroled, even though his actual sentence is life imprisonment with eligibility for parole starting after a minimum of 10 years. *Martinez* and, by implication, the *Rhines* standard for good cause do not apply to these claims.

The unexhausted claims in ground 2 are claims of ineffective assistance of counsel. However, petitioner did present these claims in his state post-conviction habeas corpus petition. The failure to exhaust occurred when petitioner did not raise these claim on appeal from the denial of that petition. *Martinez* does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . ." 566 U.S. at 16. Even if state post-conviction counsel was ineffective for not raising on appeal the claims now contained in ground 2, he has not shown good cause under *Martinez* for the failure to exhaust the claims.

In his motion to amend (ECF No. 30), petitioner states that he wishes to dismiss the unexhausted grounds if the court denies his motion for a stay. The Court will do that.

///

///

2

It is therefore ordered that petitioner's motion to stay and hold in abeyance (ECF No. 29) and motion to amend the motion to stay and hold in abeyance (ECF No. 30) are denied.

It is further ordered that grounds 1A, 1C, 2A, 2B, 2C, and 2D are dismissed from this action.

It is further ordered that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which will comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 25th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE